Battle, J.
 

 The cáse of
 
 Dunett v. Barksdale,
 
 2 Dev. Rep.
 
 *443
 
 251, to which the plaintiff’s counsel has referred ns, is a direct authority in favor of the new trial for which he aslcs in the alternative, provided we do not give him the judgment for which he first moves. That judgment we cannot grant, for' the reason assigned by Hall, J., in delivering the opinion of the Court in the above-named case. From the records, says the Judge, “ it appears that the rights of the parties litigant depended upon a question reserved; and that question was submitted to this Court for its decision. To decide for either1 of the parties, when that question cannot be understood, would be to decide in the dark without regard to their rights.”
 

 As no statement of the case, or bill of exceptions, accompanies the record proper, the defendant’s counsel contends that the j udgment of non-suit must be affirmed, upon the ground that every judgment is presumed to be right, unless it is shown to be erroneous, and that nothing appears .upon this record to show that it is erroneous ; and for this he has cited a great number of cases.
 
 Picket
 
 v. Picket, 3 Dev. Rep. 6,
 
 Harry
 
 v.
 
 Graham,
 
 1 Dev.
 
 &
 
 Bat. Rep. 76, Thomas v.
 
 Alexander,
 
 2 Dev.
 
 &
 
 Bat. Rep. 385,
 
 Brooks
 
 v.
 
 Ross,
 
 ibid. 484,
 
 Honeycut
 
 v.
 
 Angel,
 
 4 Dev. & Bat. Rep. 308,
 
 Stewart
 
 v.
 
 Garland,
 
 1 Ire. Rep. 470,
 
 Fleming
 
 v.
 
 Halford,
 
 4 Ire. Rep. 268,
 
 State
 
 v.
 
 Gallimore, 7
 
 Ire. Rep. 147,
 
 State
 
 v.
 
 Ray,
 
 10 Ire. Rep. 279,
 
 State
 
 v.
 
 Orrell,
 
 Bus. 217,
 
 State
 
 v.
 
 Lankford,
 
 ibid. 436.
 

 All thes-e cases, and some others which we have examined, relate to the statement made or signed by the presiding Judge, which is, in our practice, a substitute for a bill of exceptions, wherein is set forth the errors complained of. They proceed upon the ground that it is the duty of the appellant to have his exceptions stated and sent up with the transcript of the record proper, and if there be no such case stated, or bill of exceptions at all, or none which shows that any error has been committed, the judgment will be affirmed. Hence, in the case of
 
 Waugh
 
 v.
 
 Andrews,
 
 2 Ire. Rep. 75, it was held, that where deeds, records, &c., were referred to as making a necessary part of the bill of exceptions, it was the duty of .the appellant to s.ee that they were sent up, otherwise
 
 *444
 
 he judgment, (no other error appearing) would, as a matter ■>f course, be affirmed.
 

 The objection, in the case, now under consideration, differs rom all these in this, that it appears upon the record proper, md the question was reserved by the consent of one party as nuch as that of the other. In this respect, it more nearly re-■■embles the case where the judgment in the Court below is •endered upon a case agreed but defectively stated.
 
 Isbell
 
 v.
 
 Stone,
 
 3 Dev. Rep. 410.
 

 The remedy is to reverse the judgment and award a
 
 venire le novo.
 
 That must be done in the present case.
 

 Per Curiam.
 
 Venire de novo.